# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KIRTI MEHTA | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:18cv251-HSO-JCG |
| | § | |
| PREMIER ENTERTAINMENT | § | |
| BILOXI, LLC, *et al.* | § | DEFENDANTS |

## ORDER DISMISSING PLAINTIFF'S REMAINING STATE LAW CLAIMS WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION

This matter is before the Court sua sponte to consider its subject-matter jurisdiction. For the reasons that follow, Plaintiff Kirti Mehta's remaining state law claims will be dismissed without prejudice for lack of subject-matter jurisdiction.

### I. BACKGROUND

On July 30, 2018, Plaintiff Kirti Mehta ("Plaintiff") filed a Complaint [1] in this Court purporting to advance claims under federal and state law, and ostensibly invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Compl. [1] at 2. The Complaint names as Defendants Premier Entertainment Biloxi, LLC, doing business as Hard Rock Casino & Hotel, and Todd J. Razianno, Joseph M. Ferruggio, Duncan McKenzie, Brandon McCory, and Dwight Savell, individually and collectively as employees of Hard Rock Casino. *Id.* at 1. Plaintiff also filed a

1

Motion [2] for Leave to Proceed *in forma pauperis*, which the Magistrate Judge provisionally granted. *See* Order [3] at 2.

On August 22, 2018, the Court dismissed Plaintiff Kirti Mehta's federal claims with prejudice as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Order [4] at 5. Only Plaintiff's state law claims remain, and the Court required that, no later than September 7, 2018, Plaintiff file a brief demonstrating that diversity jurisdiction exists. *Id.* Plaintiff was warned that should he fail to file a sufficient brief by September 7, 2018, or fail to demonstrate how this Court possesses original subject-matter jurisdiction, his remaining claims may be dismissed without prejudice, without further notice to Plaintiff. *Id.*

On August 31, 2018, Plaintiff filed a Response [5] to the Order [4]. Plaintiff argues that this Court has jurisdiction because this matter occurred in Biloxi, Mississippi, where Defendant Premier Entertainment Biloxi, LLC is located, *see* Pl.'s Resp. [5] at 1, and attempts to restate the claims he asserted in his Complaint, *see id.* at 2. According to Plaintiff, he "did not invoke federal jurisdiction of diversity." *Id.*

## II. DISCUSSION

With respect to Plaintiff's remaining claims under state law, the Court has a continuing duty to examine its subject-matter jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989). Federal courts are

courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) (quotation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court has already found Plaintiff's federal claims to be frivolous and has dismissed them. Because this case does not involve a federal controversy, the Court is without federal question jurisdiction. *See Steel Co.*, 523 U.S. at 89.

As for diversity jurisdiction, Plaintiff has not provided any additional information from which the Court could conclude that diversity jurisdiction exists, and there are insufficient facts in the current record from which the Court could conclude that it does. Moreover, according to Plaintiff, he "did not invoke federal jurisdiction of diversity." Pl.'s Resp. [5] at 2. Because Plaintiff has not shown that this Court possesses subject-matter jurisdiction, it must dismiss Plaintiff's remaining state law claims without prejudice for lack of subject-matter jurisdiction

3

pursuant to Federal Rule of Civil Procedure 12(h)(3).[1]

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, any state law claims asserted in the Complaint are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 11th day of September, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[1] Even if the Court possessed original federal question jurisdiction, because all of Plaintiff's federal claims have been dismissed, the Court would decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3) because this matter is in its infancy. No summonses have been issued, and no Defendant has appeared.